**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TYRONE A. JONES, | : | PRISONER HABEAS CORPUS |
|    Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| GREGORY DOZIER, Department of | : | CIVIL ACTION NO. |
| Corrections, | : | 1:18-CV-1024-TWT-JFK |
|    Respondent. | : | |

**<u>MAGISTRATE JUDGE'S ORDER AND
FINAL REPORT AND RECOMMENDATION</u>**

Petitioner, Tyrone A. Jones, has submitted a 28 U.S.C. § 2254 petition [1], in which he seeks to challenge his August 15, 1995, Fulton County convictions, and seeks to proceed *in forma pauperis* [2]. For the purpose of dismissal, Petitioner is **GRANTED** *in forma pauperis* status, and the matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires the Court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"

**I.   <u>Discussion</u>**

In <u>Jones v. Owens</u>, No. 1:11-CV-0058-RLV (N.D. Ga. May 11, 2011) (hereinafter "<u>Jones</u>"), Petitioner submitted a federal habeas corpus petition challenging

his August 15, 1995, Fulton County convictions for two counts of burglary of Office Depot – for which he received two concurrent five-year sentences, criminal case number Z72325 (state habeas case number HC00717).[1] Pet. at 1, 4, Jones. The Court dismissed the petition in Jones as untimely. See Order of May 10, 2011, Jones.

In the instant action, Petitioner again seeks to challenge his August 15, 1995, Fulton County convictions – for which he received two concurrent five-year sentences, criminal case number Z72325 (state habeas case number HC00717). (Pet. at 1, ECF No. 1). The form petition instructs the petitioner to "[i]dentify all crimes of which you were convicted and sentenced in this case[.]" (Id.). In addition to listing the two counts of burglary of Office Depot, Petitioner also lists one count of criminal trespass and one count of obstructing an officer "in relation to Office Depot 34 day prior to August 15, June 7, 1995[.]"[2] (Id. at 1). It is apparent that Petitioner is referring to the criminal-trespass and obstruction crimes that are the basis for his double jeopardy

---

[1] Criminal action Z72325 involved two counts of burglary. Resp't Ex. 1, Jones, ECF No. 12-1. Notably, in Jones, Petitioner stated that on June 7, 1995, in case number 160451, he had pleaded guilty to criminal-trespass and obstruction crimes involving Home Depot and asserted a double-jeopardy claim based thereon. Pet. at 6, Jones.

[2] Petitioner also raises the same double-jeopardy claim based on his criminal-trespass and obstruction convictions that he raised in Jones. (Pet. at 6).

2

claim in Jones and in this action, see supra nn. 1 and 2, and that Petitioner in both Jones and the instant action challenges his criminal case Z72325.

Once this Court has dismissed as untimely a federal habeas corpus challenge to custody pursuant to a state court conviction, it lacks jurisdiction to entertain a subsequent challenge to the same custody and conviction without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A); Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009). Because this petition is a successive attack on Petitioner's August 15, 1995, Fulton County convictions and Petitioner did not obtain the required authorization to bring another petition, the Court lacks jurisdiction over the current petition.

**II.     Certificate of Appealability ("COA")**

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

3

> When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, _ U.S. _, 137 S. Ct. 830 (2017).  The undersigned recommends that a COA should be denied because it is not debatable that this action is successive and that Petitioner lacks authorization to file a successive petition.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's motion to proceed *in forma pauperis* [2] is **GRANTED**.

**IT IS RECOMMENDED** that the petition for a writ of habeas corpus [1] be **DISMISSED** for lack of jurisdiction and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 20th day of March, 2018.

*[signature]*

JANET F. KING
UNITED STATES MAGISTRATE JUDGE